**Angel LUIS, Petitioner–Appellant,**

v.

**Daniel R. McBRIDE, Respondent–Appellee.**

No. 99–3072.

United States Court of Appeals, Seventh Circuit.

Submitted March 22, 2001.*

Decided March 27, 2001.

March 29, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. WILLIAM J. BAUER, Hon. HARLINGTON WOOD, Jr., and Hon. RICHARD A. POSNER, Circuit Judges.

## ORDER

In 1992 an Indiana jury found Angel Luis guilty of possessing and dealing cocaine, as well as possessing a schedule IV controlled substance (a tranquilizer called Tranxene) without a prescription. He now appeals the district court's denial of his claim, included in his petition for habeas corpus relief under 28 U.S.C. § 2254, that he was denied his Sixth Amendment right to counsel on the theory that his trial attorney's joint representation of him and a co-defendant created an actual conflict of interest. We affirm.

Luis, who is originally from Miami, was staying at Guinevere Bobo's house in Indianapolis, Indiana, during October 1992. While Bobo was at work on October 19, police officers arrived at her house to execute a search warrant for the residence and Luis himself, who was suspected of dealing cocaine out of Bobo's home. Several construction workers were present in Bobo's yard, working on the house, when the police drove up. As the officers initially kept watch outside the residence, Jack Kelly and his wife arrived. Kelly entered Bobo's house, but his wife remained in the car. Ten to fifteen minutes later, Luis and Kelly exited the house. Two police officers then approached the men in the driveway, identifying themselves and telling Luis and Kelly to freeze. Luis immediately stopped and raised his hands. Kelly, however, reached into his pocket and pulled out three packets of cocaine that he threw underneath a van in the driveway. No cocaine was found on Luis's person, but the officers did find in his pockets $2,928.00 in cash and two tablets that were subsequently identified as Tranxene.

The police then executed the search warrant for Bobo's house and found $850.00 and two bags of cocaine in Bobo's purse, a triple-beam scale and 14 grams of cocaine in the basement, and plastic bags and syringes throughout the house. The officers found no trace of cocaine in the bedroom used by Luis; they did find, however, coffee grounds with a strong odor, mannitol (a laxative often used to dilute cocaine), and five boxes of sandwich bags.

Luis and Kelly were both charged with possessing and dealing cocaine, while Bobo was charged with possessing cocaine. The three defendants were tried jointly, with Bobo and Luis retaining the same counsel and Kelly represented by his own attorney. At a pretrial conference, the prosecutor told the trial judge that the joint representation of Bobo and Luis caused her concern with respect to a potential conflict of interest. The defense attorney, however, took the position that no conflict existed because Bobo's and Luis's stories were completely consistent, and the trial court concluded there was no conflict. Immediately before trial the conflict of interest issue was raised again. The trial court asked both Bobo and Luis whether they believed there was a conflict of interest. Bobo responded that she did not expect there would be a conflict, even if she testified on her own behalf. Luis also answered that he did not see a conflict and that he wanted his attorney to continue

representing him in the case. The trial court ruled that there was no conflict.

At trial Kelly was acquitted of the dealing charge but was convicted of drug possession. Bobo was acquitted. Luis was convicted of both dealing and possessing cocaine and of possessing the Tranxene. He was sentenced to 35 years in prison. The Court of Appeals of Indiana affirmed his convictions, the Indiana Supreme Court denied his petition for transfer, and the United States Supreme Court denied his petition for certiorari. Luis filed a state petition for post-conviction relief, which was denied by the trial court. He appealed, and the Indiana appeals court vacated his conviction for possession of cocaine, concluding that it violated double jeopardy in view of the parallel dealing conviction, and remanded the case for re-sentencing. On remand the trial court reimposed the same overall sentence of 35 years. Luis then filed a federal petition for collateral relief with the district court. The district court denied the petition as well as Luis's request for a certificate of appealability. We subsequently granted Luis's request for a certificate of appealability solely on the issue of whether Luis's trial counsel had a conflict of interest when he represented both Bobo and Luis.

Luis now appeals, arguing that his trial counsel's joint representation of Bobo and himself created a conflict of interest that adversely affected his attorney's performance. During Luis's direct appeal, the Indiana court rejected this argument, concluding in reliance on *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), that no actual conflict of interest was established by the record. Specifically, the appeals court reasoned that Bobo and Luis corroborated each other's denials and knowledge about the cocaine found in the house and that neither "attempted to point the finger at the other." The appeals court additionally explained that Bobo and Luis put forward a common defense: that the cocaine belonged to another person with access to Bobo's house, either a construction worker or another guest staying at Bobo's home.

 Based on the Indiana appeals court's decision and our review of the record, we cannot conclude that the state court's adjudication of Luis's conflict-of-interest claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d). The Indiana appeals court utilized the correct test in assessing whether trial counsel's joint representation violated Luis's Sixth Amendment right to effective assistance of counsel: Luis was required to demonstrate "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler,* 446 U.S. at 348. In applying this standard, the appeals court noted that Bobo and Luis had consistent stories, that neither claimed the other knew about the cocaine, and that the two raised a common defense. Although Luis now contends that "pointing the finger" at Bobo would have been the better course of action at trial, he did not even allege in his petition under § 2254 that Bobo actually was responsible for distributing the cocaine to Kelly or that his trial counsel knew that Bobo was distributing but continued to represent both defendants to Luis's detriment. Indeed, trial counsel informed the court twice that he believed there was no conflict, and Luis himself told the court that there was not a conflict. *See Cuyler,* 446 U.S. at 347 ("[T]rial courts necessarily rely in large measure upon the good faith and good judgment of defense counsel.").

Accordingly, we AFFIRM the decision of the district court.